UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMIN MELGAR, | No. C-13-3769 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| CSK AUTO, INC., | |
| Defendant. | **(Docket No. 21)** |

## I. INTRODUCTION

Before the Court is Defendant CSK Auto, Inc.'s ("CSK") motion for judgment on the pleadings seeking dismissal of Plaintiff Osmin Melgar's class action complaint. Plaintiff alleges that CSK failed to reimburse him for mileage expenses incurred during his employment with CSK in violation of the California Labor Code. The sole issue raised in this motion is whether Plaintiff was required to exhaust administrative remedies before the Labor Commissioner before filing suit. CSK argues that under the California Supreme Court's opinion in *Campbell v. Regents of Univ. of California*, 35 Cal. 4th 311 (2005), Plaintiff was required to exhaust his administrative remedies. Courts in this district – considering different provisions of the Labor Code than the one involved here – have split as to whether exhaustion is required under *Campbell*. The Court finds this matter suitable for disposition without oral argument and **VACATES** the motion hearing set for February 13, 2014. For the following reasons, CSK's motion is **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action in California state court, and CSK removed to this Court under the Class Action Fairness Act. Dkt. No. 1. Plaintiff alleges that he is a former employee of CSK, having worked for CSK between 2000 and 2013. Complaint ¶ 5 (Dkt. No. 1). After Plaintiff was promoted to assistant manager in June 2010, he was required (as part of his regular job duties) to drive his personal vehicle to the bank to make deposits. *Id.* ¶¶ 6, 22, 24. Plaintiff alleges this was a normal responsibility of CSK's store managers, assistant managers, and key carriers. *Id.* ¶ 22, 24. He alleges that he incurred unpaid fuel costs and vehicle wear and tear during these trips. *Id.* CSK allegedly knew about these incurred expenses because it documented in its computer system the bank deposit slip preparation and knew where the deposit transaction was completed. *Id.* ¶ 16, 22. However, CSK allegedly failed to reimburse its employees for these incurred expenses as required under California law.

Plaintiff seeks to represent a class consisting of "[a]ll current and former employees for Defendant who worked at least one shift as a Store Manager, Assistant Mangers and/or Key Carrier in the State of California at any time from June 26, 2009 through the conclusion of this section." *Id.* ¶ 12. Plaintiff believes there are more than 2,500 current and former employees that fit within this definition of the class. *Id.* ¶ 13.

The complaint alleges three causes of action. First, Plaintiff alleges a violation of California Labor Code § 2802 for failure to reimburse mileage expenses for the bank deposit runs. Second, Plaintiff asserts a California UCL claim based on CSK's failure to reimburse Plaintiff. Finally, Plaintiff brings a claim under California's Private Attorney General Act ("PAG Act"), again based on CSK's failure to reimburse for mileage expenses.

## III. DISCUSSION

Under California Labor Code § 2802, an employer is required to "indemnify his or her employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties." The sole question raised in CSK's motion is whether Plaintiff's claims must be dismissed because he failed to exhaust administrative remedies by filing a complaint with the Labor Commissioner before filing this suit CSK argues that "[t]o properly exhaust the

1 administrative remedies available under Section 2802, employees must file a claim with the labor
2 commissioner pursuant to the special statutory scheme codified in Labor Code sections 98 through
3 98.5." CSK Mot. at 7 (Dkt. No. 21-1). The Court disagrees.

4 CSK bases its exhaustion argument solely on the California Supreme Court's decision I in
5 *Campbell v. Regents of Univ. of California*, 35 Cal. 4th 311 (2005). In that case, the plaintiff sued
6 the University of California alleging that it had terminated her in retaliation for her whistleblowing
7 activities in violation of the Labor Code. Plaintiff had not exhausted the University of California's
8 internal grievance procedures, and the California Supreme Court found that this failure required
9 dismissal of her Labor Code claim. The *Campbell* Court began by noting the general rule that where
10 "where an administrative remedy is provided by statute, relief must be sought from an administrative
11 body and this remedy exhausted before the courts will act." *Id.* at 321 (citation and internal
12 quotation marks omitted). Neither of the Labor Code provisions involved in that case – sections
13 98.6 and 1102.5 – expressly required exhaustion, but the Court nonetheless found that "courts
14 should not presume the Legislature in the enactment of statutes intends to overthrow long-
15 established principles of law unless that intention is made clearly to appear either by express
16 declaration or by necessary implication." *Id.* (citation and internal quotation marks omitted).
17 Finally, the Court found that even though certain code provisions expressly require exhaustion, "the
18 express mention in one statute of a fundamental precondition of filing suit against an administrative
19 agency does not abrogate that requirement in every statute that is silent on the matter." *Id.* at 327
20 (internal citations omitted)).

21 No California or federal court has addressed the precise question of whether a plaintiff must
22 file a claim with the Labor Commissioner before pursuing a claim under Labor Code 2802. A
23 number of courts, however, have addressed whether plaintiffs alleging *retaliation or discrimination*
24 claims under California Labor Code sections 98.6 or 1102.5 must exhaust administrative remedies
25 before the Labor Commissioner. In these cases, the courts interpreted Labor Code section 98.7
26 which provides "[a]ny person who believes that he or she has been discharged or otherwise
27 discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may
28

3

file a complaint with the division within six months after the occurrence of the violation." Cal. Labor Code § 98.7(a).

The majority of federal district courts to address this question have held that a plaintiff must file a complaint with the Labor Commissioner under section 98.7(a) before filing a lawsuit alleging a violation under Labor Code sections 98.6 or 1102.5. For example, in *Miller v. Southwest Airlines, Co.*, 923 F. Supp. 2d 1206 (N.D. Cal. 2013), Judge Alsup interpreted *Campbell* to mean that "an aggrieved person must first file a complaint with the California Labor Commissioner prior to bringing suit in court" under Labor Code section 1102.5. *Id.* at 1210. Similarly, in *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017 (N.D. Cal. 2013), Judge Koh stated "under *Campbell*, because section 98.7 provides Plaintiff an administrative remedy for a violation of section 1102.5(c), Plaintiff was required to exhaust that remedy before filing her section 1102.5 claim in federal court." *Id.* at 1023. In *Reynolds v. City and County of San Francisco*, No. C 09-0301 RS, 2011 WL 4808423 (N.D. Cal. Oct. 11, 2011), Judge Seeborg recognized that *Campbell* had only addressed whether a plaintiff had to exhaust *internal* administrative remedies and was not addressing whether a plaintiff had to exhaust remedies before the Labor Commissioner. *Id.* at *1. Nonetheless, he found that *Campbell*'s reasoning "is fully applicable to exhaustion requirements under the Labor Code." *Id.*

However, a number of other courts have reached the opposite conclusion. Included in this camp is the only post-*Campbell* published opinion by the California Court of Appeals on this question, *Lloyd v. County of Los Angeles*, 172 Cal. App. 4th 320 (2009), and a recent decision by this Court in *Turner v. City & County of San Francisco*, 892 F. Supp. 2d 1188 (N.D. Cal. 2012). These cases have generally noted that while *Campbell* included general language that exhaustion should be required before pursuing a Labor Code claim in court, its actual holding "merely considered exhaustion of *internal* administrative procedures." *Turner v. City & County of San Francisco*, 892 F. Supp. 2d 1188, 1200 (N.D. Cal. 2012); *see also Creighton v. City of Livingston*, No. CV-F-08-1507 OWW/SMS, 2009 WL 3246825, at *10 (E.D. Cal. Oct. 7, 2009) ("*Campbell* does not specifically hold that exhaustion of administrative remedies available before the Labor Commissioner is a prerequisite to suit."). Additionally, these Courts have found persuasive that the language of section 98.7 is permissive and does not itself require exhaustion. *See, e.g.*, *Lloyd v.*

4

1  *County of Los Angeles*, 172 Cal. App. 4th 320, 331 (2009) (noting that section 98.7 is "merely
2  provides the employee with an additional remedy, which the employee may choose to pursue." *Id.*
3  at 331. Further, the Assistant Director of the California Division of Labor Standards Enforcement
4  stated in an opinion letter that "the Division's position is that exhaustion of remedies under Labor
5  Code Section 98.7 is not required prior to filing a civil action in superior court." *Creighton*, 2009
6  WL 3246825, at *6 (quoting letter).

7  Finally, these courts have recognized that "construing Labor Code section 98.7 to obligate a
8  plaintiff to seek relief from the Labor Commissioner prior to filing suit for Labor Code violations
9  flies in the face of the concerns underlying the Labor Code Private Attorneys General act of 2004."
10 *Lloyd*, 172 Cal. App. 4th at 332. The PAG Act "'empowers or deputizes an aggrieved employee to
11 sue for civil penalties . . . as an alternative to enforcement by the State.'" *McKenzie v. Fed. Exp.*
12 *Corp.*, 765 F. Supp. 2d 1222, 1231 (C.D. Cal. 2011) (quoting *Villacres v. ABM Indus., Inc.*, 189 Cal.
13 App. 4th 562, 592 (2010)). This Court has described the PAG Act as follows:

> The Act allows private citizens to sue on behalf of themselves "and other current or former employees" for violations of the Labor Code, and permits said citizens to recover civil penalties otherwise recoverable only by the government. The citizen need only give notice to the government and follow certain procedures in § 2699.3 before initiating such an action. Thus, "[w]hen a employee sues under PAGA, he acts as the 'proxy or agent of the state's labor law enforcement agencies' to 'supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves.'"

20 *Turner*, 892 F. Supp. 2d at 1202 (quoting *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1140
21 (C.D. Cal. 2011). "The PAG Act's approach, enlisting aggrieved employees to augment the Labor
22 Commissioner's enforcement of state labor law, undermines the notion that Labor Code section 98.7
23 compels exhaustion of administrative remedies with the Labor Commissioner." *Lloyd*, 172 Cal.
24 App. 4th at 332; *see also Turner*, 892 F. Supp. 2d at 1202 ("[T]he Court agrees that the Private
25 Attorney General Act . . . indicates a legislative emphasis on private enforcement of the Labor Code
26 that would be undercut by a mandatory exhaustion requirement before the Labor Commissioner.").

27 CSK asserts that the California Court of Appeal's decision in *Lloyd* and this Court's decision
28 in *Turner* were wrongly decided and urges this Court to join the apparent majority of Courts that

have found that *Campbell* requires exhaustion of remedies before the Labor Commissioner. The Court disagrees. While *Turner* and *Lloyd* did not address the precise question here – whether exhaustion before the Labor Commissioner is necessary before filing suit for a violation of Labor Code § 2802 – the Court finds the reasoning of these decisions correct and fully applicable to this case for four reasons.

First, like section 98.7, there is no mandatory language in the provisions of the Labor Code that CSK asserts create a mandatory exhaustion regime – Labor Code sections 98 through 98.6. Rather, Labor Code section 98 merely provides that the "Labor Commissioner is authorized to investigate employee complaints," to hold a hearing, and to award wages, penalties, and other demands for compensation. Cal. Labor Code § 98(a). Similarly, section 2802(b) provides that awards "made by a court or by the Division of Labor Standards Enforcement for reimbursement . . . shall carry interest at the same rate as judgment in civil actions." *Id.* § 2802(b). These provisions unquestionably authorize the Labor Commissioner to address claims under section 2802(b), but like section 98.7 this Court addressed in *Turner*, nothing in these provisions purport to *require* this exhaustion.

Second, CSK argues that the majority of federal district courts have declined to follow *Lloyd*, thereby weakening its persuasive value. CSK is correct that a number of district courts have rejected *Lloyd* on the ground that it failed to "mention the seminal California Supreme Court case, *Campbell*, or many of the federal court cases which discuss the issue." *Oyarzo v. Tuolumne Fire District*, No. 1:11-CV-01271 LJO SAB, 2013 WL 3327882, at *48 (E.D. Cal. July 1, 2013); *see also, e.g.*, *Gonzalez v. City of McFarland, Cal.*, No. 13-CV-00086 JLT, 2013 WL 2244504, at *14 (E.D. Cal. May 21, 2013) ("[T]he Court here is not persuaded the California Supreme Court would follow *Lloyd* . . . . Instead, the Court is convinced California's highest court would follow and expand its own precedent set forth in *Campbell* to find that exhaustion under Labor Code 98.7 is required before a plaintiff may bring litigation raising statutory-based claims.").

However, contrary to the broad language employed by some district courts in dismissing *Lloyd*, the California Court of Appeals did not fail to mention *Campbell*. Rather, *Lloyd* cited *Campbell* for the general "rule of exhaustion of administrative remedies." *Lloyd*, 172 Cal. App. 4th

at 326.  Further, the brief filed by the County of Los Angeles in *Lloyd* exhaustively discussed *Campbell* and argued that case required exhaustion.  Accordingly, the Court continues to believe that "a more sensible reading of *Lloyd* is simply that the Court of Appeals did not find *Campbell* applicable or controlling on the ultimate question" before it.  *Turner*, 892 F. Supp. 2d at 1203 n.4.  Further, this Court is not alone in finding *Lloyd* persuasive.  *See, e.g.*, *Hanson v. Raytheon Co.*, No. SA CV 13-0896-DOC, 2014 WL 185911, at *4-5 (C.D. Cal. Jan. 14, 2014); *Fernandes v. TW Telecom Holdings Inc.*, No. 2:13-CV-02221-GEB-CKD, 2013 WL 6583970, at *1-3 (E.D. Cal. Dec. 16, 2013).

Third, like the discrimination and retaliation provisions of the Labor Code that this Court addressed in *Turner*, section 2802 is covered under the PAG Act.  *See* Cal. Labor Code § 2699.5.  Thus, the concern that requiring exhaustion of administrative remedies before the Labor Commissioner would undermine the PAG Act's approach of "enlisting aggrieved employees to augment the Labor Commissioner's enforcement of state labor laws" is applicable here.  *Turner*, 892 F. Supp. 2d at 1203; *see also Creighton*, 2009 WL 3246825, at *11; *Lloyd*, 172 Cal. App. 4th at 332.

Finally, the Court notes that the California legislature has recently adopted Labor code section 244, which expressly rejects a general mandatory exhaustion requirement in Labor Code cases.  This section provides, in relevant part:

> An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code, unless that section under which the action is brought expressly requires exhaustion of an administrative remedy.

Cal. Labor Code § 244(a) (effective January 1, 2014).  CSK argues that this provision does not apply to this case because of the "time-honored presumption that statutes operate prospectively 'unless Congress has clearly manifested its intent to the contrary.'" *Myers v. Philip Morris Co., Inc.*, 28 Cal. 4th 828, 841 (2002) (quoting *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 946 (1997)).  Under California law

> If a new law changes the legal consequences of past conduct by imposing new or different liabilities for that conduct, or if it substantially affects existing rights and obligations, then its "application to a trial of preenactment conduct is forbidden, absent an express legislative intent to permit such retroactive application."

7

*Zermeno v. Precis, Inc.*, 180 Cal. App. 4th 773, 779 (2009) (quoting *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 230-31 (2006)). CSK contends that under this rule, section 244 cannot apply to this case because it would substantially increase its potential liability for past conduct by permitting Plaintiff to continue with this action.

       The Court disagrees. The legislative history of section 244 suggests the legislature did not intend to amend the current state of the law, but rather sought to "'clarify[] that an employee or job applicant is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of the Labor Code." *Gonzalez v. City of McFarland*, No. 1:13-cv-00086 JLT, 2014 WL 294581, at *2 (E.D. Cal. Jan. 24, 2014) (quoting SB 666, the California State Senate bill which enacted section 244). Furthermore, section 244 would not have created "new or different liabilities" for CSK's pre-enactment conduct. Rather, it would simply have altered the procedure by which plaintiff could file suit against CSK. *See Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1198 (2008) ("'A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment.'" (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1993)). Accordingly, because section 244 does not create new rights on Plaintiff or impose new liabilities on CSK, the Court finds that it applies to this case and confirms this Court's prior reasoning in *Turner*. *See Gonzalez,* 2014 WL 294581, at *2 (applying section 244 to a pending case because it did not create "new rights or impose[] new liabilities").

## IV.   <u>CONCLUSION</u>

       For the foregoing reasons, the Court finds that "[e]xhaustion of administrative remedies before the Labor Commissioner before filing suit for statutory violations of the Labor Code is not required under California law." *Turner*, 892 F. Supp. at 1204. Accordingly, CSK's motion for judgment on the pleadings is **DENIED**.

///

///

///

8

The Further Case Management Conference scheduled at 1:00 p.m., February 13, 2014 is rescheduled to **10:30 a.m.**, February 13, 2014.  A joint Further Case Management Conference Statement shall be filed by 4:00 p.m., February 11, 2014.

This order disposes of Docket Number 21.

IT IS SO ORDERED.

Dated: February 7, 2014

_____
EDWARD M. CHEN
United States District Judge