

401 West A Street, Suite 2600
San Diego, CA 92101

PHONE  (619) 236.1551
FAX    (619) 696.1410

www.higgslaw.com

**James M. Peterson**
Partner

October 13, 2014

**Via Electronic Filing**

Hon. Edward C. Chen
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    <u>Melgar v. CSK Auto, Inc. (Case No. 13-03769 EMC)</u>

Dear Judge Chen:

    Plaintiff OSMIN MELGAR ("Plaintiff") and Defendant CSK AUTO, INC. ("CSK") (collectively, the "Parties") respectfully submit this joint letter requesting relief from the order requiring them to complete private mediation before October 31, 2014.

    This is a putative class action filed by Plaintiff against his former employer, CSK, who did business in the State of California at all relevant times as "O'Reilly Auto Parts." Plaintiff alleges that, during the time that he worked for CSK, he was required to travel to the bank to make deposits using his personal vehicle. Plaintiff contends that he incurred expenses on behalf of CSK in the form of fuel costs and wear and tear on his vehicle, and that CSK knew he was incurring these expenses but failed to reimburse him. Based on those same general facts, Plaintiff and the putative class assert three claims against CSK: (1) failure to reimburse mileage expenses under California Labor Code section 2802; (2) unlawful business practices under California Business and Professions Code section 17200, et seq.; and, (3) a claim for penalties under the Private Attorney General Act, Labor Code section 2699, et seq.

    At the May 22, 2014 status conference, counsel informed the Court that the parties had scheduled a private mediation to take place on October 7, 2014. Accordingly, in the order that was entered following that status conference, the Court directed the parties to complete private mediation by October 31, 2014. (Docket No. 35.)

    Since that time, the parties met and conferred and mutually decided to take the October 7, 2014 mediation off-calendar. The parties disagree as to whether this case is appropriate for class treatment. Specifically, CSK believes that Plaintiff's claims are not amenable to class treatment, while Plaintiff believes they are so amenable. As such, CSK has indicated that it is



Hon. Edward C. Chen
October 13, 2014
Page 2

willing to mediate Plaintiff's individual claim, but Plaintiff has indicated that he wants to mediate on a class-wide basis.  Based on their respective positions, the Parties are in agreement that mediation would be premature at this time, and respectfully request that the Court grant them relief from the October 31, 2014 deadline.

Counsel for the parties are scheduled to appear at the upcoming Case Management Conference (set for November 13, 2014), and will be prepared to discuss a class-certification briefing schedule and any related issues at that time.

Thank you for your time and consideration.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| /s/ James M. Peterson | /s/ Michael Malk |
| JAMES M. PETERSON | MICHAEL MALK |
| of | of |
| HIGGS FLETCHER & MACK LLP | MALK LAW FIRM |
| Attorneys for Defendant CSK Auto, Inc. | Attorneys for Plaintiff Osmin Melgar |

```
IT IS SO ORDERED.  The parties are relieved from the 10/31/14 mediation
deadline. Court will discuss mediation at the 11/13/14 CMC.
```

_____
Edward M. Chen
U.S. District Judge



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

1218023.1