# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMIN MELGAR, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CSK AUTO, INC.,<br><br>    Defendant. | Case No. 13-cv-03769-EMC<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Docket No. 149 |

Plaintiffs are former employees of Defendant CSK Auto, Inc. ("CSK"), now known as O'Reilly Auto Enterprises, LLC ("OR"). Plaintiffs filed a class action against OR, claiming that the company failed to reimburse Store Managers, Assistant Store Managers, and/or Retail Service Specialists for costs incurred in using their personal vehicles to make bank deposits on behalf of OR. The operative complaint is the second amended complaint ("SAC"). In that complaint, Plaintiffs assert three causes of action: (1) failure to reimburse mileage expenses, *see* Cal. Lab. Code § 2802; (2) unfair and unlawful business practices, *see* Cal. Bus. & Prof. Code § 17200; and (3) violation of the Private Attorney Generals Act ("PAGA"). *See* Cal. Lab. Code § 2699.

Currently pending before the Court is Plaintiffs' motion for preliminary approval of a class action settlement. Under the settlement agreement, the gross settlement amount that OR would pay the class is $395,000. Although the gross amount is relatively small, the Court finds that the settlement falls within a "'reasonable range of possible settlements,'" such that the motion for preliminary approval may be granted. *Tadepalli v. Uber Techs.*, No. 15-cv-04348-MEJ, 2015 U.S. Dist. LEXIS 169076, at *24 (N.D. Cal. Dec. 17, 2015). As reflected in the papers submitted by the parties, there are significant litigation risks, including, *e.g.*, whether employees incurred business expenses in the first place, whether those employees who did incur such expenses were in

fact reimbursed, and whether OR had knowledge that personal vehicles were being used to make deposits (*i.e.*, employees may have had other options such as walking or using company vehicles). These litigation risks inform not only the § 2802 and § 17200 claims but also the PAGA claim. The settlement amount attributable to the substantive claims represents approximately 30% of the probable maximum verdict value of those claims, a substantial percentage in view of the litigation risks. Although the $10,000 attributable to the PAGA claim represents a miniscule percentage of the potential maximum PAGA verdict value, there are additional risks specific to the PAGA claim, including the lack of willful conduct by OR and the likelihood of a discount taken by the Court even if Plaintiffs were to prevail. Most importantly, the compensation for the substantive claims is sufficiently robust to satisfy the interests underlying PAGA without a substantial PAGA award. *See Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198-EMC, 2016 U.S. Dist. LEXIS 140759, at *28 (N.D. Cal. Oct. 11, 2016) (stating that, "in evaluating the adequacy of a settlement of a PAGA claim, courts may employ a sliding scale, taking into account the value of the settlement as a whole[;] [t]hus, where a settlement for a Rule 23 class is robust, the statutory purposes of PAGA may be fulfilled even with a relatively small award on the PAGA claim itself, because such 'a settlement not only vindicates the rights of the class members as employees, but may have a deterrent effect upon the defendant employer and other employers, an objective of PAGA'").

Although the Court is granting preliminary approval (conditionally, as discussed below), it does have some concerns, as it expressed at the hearing. For example, it is debatable whether United Way is an appropriate cy pres beneficiary. In addition, there is an argument that the requested attorney fee and incentive fees are excessive. However, these issues may be addressed, if necessary, at the final approval stage.

Accordingly, the Court grants preliminary approval. At this juncture, however, the granting of the motion is conditioned on the following modifications to the settlement.

- The settlement administrator shall maintain a website for the settlement. Although this will increase the costs of administration, the parties have not demonstrated that the cost is substantial. Moreover, a website will give class members easy access to Court documents in the case so that they can evaluate whether to participate in the

settlement.

- A reminder postcard shall be issued to the class. Although this will increase the costs of administration, the parties have not demonstrated that the cost is substantial. Nor have they offered evidence to support their claim that a reminder postcard does not "substantially increase[e] the claim rate." Supp. Br. at 12. The parties shall meet and confer to discuss the language to be used in the postcard and the timing for the postcard to be issued.
- Class members shall be given 60 days (instead of 45) to respond to the class notice (especially as the Court is ordering the parties to provide a reminder postcard).
- Class members shall be given 180 days (instead of 120) to cash checks.
- The Court previously directed the parties to include, in the first paragraph of the class notice, the estimated average payout per class member (in bold). The parties attempted to address this issue but their modification is insufficient. The statement regarding the estimated average payout should be put in the first paragraph in the box on page 1 (not in the first paragraph following the box).
- Previously, the Court directed the parties to clarify in the chart on page 1 of the class notice that an objecting class member remains part of the class and should still file a claim form in order to receive a payment. The parties made a modification but it is not sufficient. The Court directs the parties to use the following statement instead: "Prepare and file an objection telling the Court why you don't agree with the settlement. If you choose this option, you still remain a part of the Settlement Class and, therefore, you must still submit a claim form if you wish to receive any payment from the settlement. The Court may or may not agree with your objection."
- Previously, the Court made the same comment as above with respect to Question 15 in the class notice (page 6). As above, the parties made a modification but it is not sufficient. The Court directs the parties to use the following statement instead: "If you choose to object, please remember that you are still part of the Settlement

3

Class and, therefore, you must still submit a claim form if you wish to receive any payment from the settlement. The Court may or may not agree with your objection."

- In the proposed order, page 7, it appears that there is a mistake – *i.e.*, the amount of the settlement administration costs should be $22,500, and not $29,000.

Within a week of the date of this order, the parties shall file an amended proposed class notice and an amended proposed order, along with an amended stipulation of settlement reflecting the above.

**IT IS SO ORDERED**.

Dated: June 25, 2018

_____
EDWARD M. CHEN
United States District Judge